# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

J. Michael Murray,

    Plaintiff

    v.

Brian Williams Jr. et al.,

    Defendants

Case No.: 2:10-cv-968-JAD-GWF

**Order Granting Motion for Stay and Certifying Frivolous and Non-Frivolous Appeal Issues**

This civil-rights and employment-discrimination action arises out of the termination of Michael Murray's employment in the Nevada Department of Corrections. Defendants Brian Williams Jr., Cheryl Burson, and Tanya Hill ask me to stay this district-court litigation until the Ninth Circuit resolves their appeal of my order denying them qualified immunity.[1] Murray opposes a stay, arguing that appeal is only appropriate when the qualified-immunity denial is based on solely legal grounds, and that my order bases qualified immunity on issues of fact that must go to a jury.[2]

---

[1] Doc. 77 at 1–3 (motion for stay); Doc. 75 (order denying qualified immunity). The defendants move to stay my order denying summary judgment, which denies them qualified immunity. Doc. 77 at 1. They also ask to stay the trial-court proceedings. *Id.* at 3. I construe their motion as a request to stay only the district-court litigation because, in order for them to appeal an order denying summary judgment, that order must actually be in effect.

I find this motion appropriate for resolution without oral argument. LR 78-2.

[2] Doc. 84 at 2.

1

In their reply, defendants indicate they are willing to limit their appeal to two issues of law.[3] I grant the stay, certify that an interlocutory appeal regarding whether the law was clearly established when Murray's rights were allegedly violated would be frivolous, and certify that an interlocutory appeal on the public-speech portion of Murray's First Amendment retaliation claim would not be frivolous.

## Discussion

Interlocutory appeals on immunity questions fall into three categories. The first category is discussed in the Supreme Court's *Mitchell v. Forsyth* decision, where the court wrote that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."[4] After deciding *Mitchell*, the Supreme Court distinguished two further categories in *Johnson v. Jones*, writing that "whether a district court's denial of summary judgment amounts to (a) a determination about pre-existing 'clearly established' law, or (b) a determination about 'genuine' issues of fact for trial, it still forces public officials to trial."[5] The court acknowledged that, to the extent that appeals are barred on determinations of clearly established law or genuine factual issues, "it threatens to undercut the very policy (protecting public officials from lawsuits) that (the *Mitchell* Court held) militates in favor of immediate appeals."[6]

District courts may review whether appeal is appropriate. "Should the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial."[7]

Because I denied summary judgment based on a qualified-immunity defense, my order was

---

[3] Doc. 85 at 2–3.

[4] *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

[5] *Johnson v. Jones*, 515 U.S. 304, 317 (1995).

[6] *Id.*

[7] *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) (footnote omitted).

necessarily based on legal and not factual determinations.[8] The defendants implicitly acknowledge that they cannot appeal the issues on which I found genuine issues of material fact.[9] Instead, they appeal my decisions on whether (1) the speech involved was a matter of public concern and (2) plaintiff's constitutional right was clearly established at the time of the alleged violation.[10] *Johnson* expressly bars interlocutory appeals on whether Murray's rights were clearly established when the defendants allegedly violated them. I thus certify that any appeal on this issue would be frivolous.[11] The only potentially viable interlocutory appeal issue, therefore, is the public-concern question.

In denying summary judgment, I decided the first prong of Murray's First Amendment retaliation claim as a matter of law: whether his "speech addressed matters of public as opposed to personal interest" and "relate[d] to any matter of political, social, or other concern to the community."[12] Murray was raising a concern about illegal allocation of public resources, which I found a legitimate concern to the taxpayers who provide those funds and entrust public servants to use them responsibility—or, at the least, legally.[13] Defendants have the right to appeal this issue.[14]

I recognize that this suit, which would be trial-ready but for the defendants' appeal, has moved at a turtle's pace: Murray filed his complaint four-and-a-half years ago in June 2010. Defendants' motion for summary judgment sat pending for a year and a half. Because the District of

---

[8] *See* Doc. 75 at 15–16.

[9] Doc. 85 at 2–3.

[10] *Id.*

[11] *See Johnson*, 515 U.S. at 317. Murray argues that the defendants' entire appeal is frivolous because qualified-immunity appeals must be based on legal issues and because my order expressly found material issues of fact. Doc. 84 at 2. While my order did find material factual disputes, it also decided the first element of Murray's retaliation claim purely as a question of law. *See* Doc. 75 at 9–16. This is an issue defendants appeal. I therefore do not find that the defendants' attempt to appeal is frivolous.

[12] Doc. 75 at 9 (quoting *Demers v. Austin*, 746 F.3d 402, 415 (9th Cir. 2014); *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009)) (internal quotation marks omitted)).

[13] Doc. 75 at 10.

[14] *Id.* at 9 (citing *Eng*, 552 F.3d at 1070).

Nevada had two judgeships that were in declared states of judicial emergency from 2011 to 2014, while this District waited for Congress to confirm new judges, other cases have also moved slowly. Allowing an interlocutory appeal in this case may further delay the resolution of Murray's claims. But when qualified immunity is due to state officials sued in their individual capacities, it is more than a defense against liability: it is also a shield against trial.[15] And this protection "is effectively lost if a case is erroneously permitted to go to trial."[16] Accordingly, even though Murray argues that trial proceedings may be significantly disrupted and delayed, the district court has no jurisdiction to proceed with trial while the defendants appeal the public-speech issue to the Ninth Circuit.[17]

## Conclusion

Accordingly,

It is hereby ordered that defendants Brian Williams Jr., Cheryl Burson, and Tanya Hill 's motion for stay **[Doc. 77] is GRANTED**. This case is **STAYED** pending defendants' interlocutory appeal to the Ninth Circuit.

It is further **CERTIFIED** that defendants' appeal would be **frivolous** with regard to whether the relevant law was clearly established at the time that defendants allegedly violated the plaintiff's rights, but not with regard to the public-concern prong of the plaintiff's First Amendment retaliation claim.

DATED November 25, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[15] *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (internal quotation marks omitted).

[16] *Id.*

[17] Doc. 84 at 11 (citing *Chuman*, 960 F.2d at 105; *see also Chuman*, 960 F.2d at 105 (citing *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984)).

4