UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| J. Michael Murray,<br><br>　　　　Plaintiff<br><br>v.<br><br>Brian Williams, et al.,<br><br>　　　　Defendants | 2:10-cv-00968-JAD-GWF<br><br>**Order Denying Motion to Reinstate Claim**<br><br>[ECF No. 95] |

This civil-rights and employment-discrimination action arises out of the termination of Michael Murray's employment as a casework specialist in the Nevada Department of Corrections. On September 11, 2014, I dismissed Murray's equal-protection claim but rejected defendants' argument that they were entitled to summary judgment on his constructive-discharge claim and enjoyed qualified immunity from his First Amendment claim. Defendants immediately appealed my qualified-immunity ruling. The Ninth Circuit reversed, leaving only Murray's constructive-discharge claim for trial.

Murray now moves to "reinstate" his equal-protection claim, which he claims I erroneously dismissed.[1] Because Murray unreasonably delayed bringing the alleged error to the court's attention, and reinstatement at this belated date would unfairly prejudice defendants and prolong this nearly seven-year old case, I deny the motion.[2]

**Background**

Murray's complaint is not a model of clarity.[3] It states that this court has federal-question jurisdiction over Murray's claims and begins with 26 paragraphs of factual allegations. The complaint does not contain numbered claims; instead Murray summarizes the claims stemming from

---

[1] ECF No. 96.

[2] I find this motion suitable for disposition without oral argument. L.R. 78-1.

[3] ECF No. 1.

his allegations in a single paragraph:

> The aforementioned activity was protected by Plaintiff's right under the First Amendment to the United States Constitution to free speech, to petition for redress of grievances, and to assemble for the purpose of addressing matters of public concern and grievances. Plaintiff was at the same time protected by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution which prohibits discrimination based upon Plaintiff's gender, male, and race, Caucasian. Other females and other blacks similarly situated were treated more favorably than Plaintiff. This discrimination was intentional.[4]

The parties briefed—and I construed—Murray's complaint as stating three federal claims under § 1983 and Title VII: a First Amendment retaliation claim, a Fourteenth Amendment equal-protection claim based on race and gender discrimination, and a constructive-discharge claim. Defendants moved for summary judgment on all claims. In his opposition to defendants' summary-judgment motion, Murray withdrew "any retaliation claim under the Equal Protection Clause."[5]

On September 11, 2014, I dismissed Murray's equal-protection claim in its entirety without prejudice under FRCP 41(a)(2) and denied defendants' motion for summary judgment. Defendants appealed only my denial of summary judgment on the First Amendment retaliation claim and moved to stay this case pending the outcome of that appeal.[6] On November 25, 2014, I granted—over Murray's objection that the appeal was frivolous—the motion and stayed this case pending the conclusion of defendants' interlocutory appeal.[7] More than two years later, on December 5, 2016, the Ninth Circuit issued a mandate reversing my denial of summary judgment on the First Amendment claim, leaving only what it construed as a Title VII constructive-discharge claim for trial. Two weeks after I entered the order on the mandate, Murray filed a motion to "reinstate" his equal-protection discrimination claim under FRCP 54(b). He contends that he intended to withdraw only the retaliation portion of that claim and that the discrimination portion should be reinstated and

---

[4] ECF No. 96.

[5] ECF No. 58 at 15.

[6] ECF Nos. 76, 77.

[7] ECF No. 87.

proceed to trial along with his discrimination-based constructive-discharge claim.

**Discussion**

"[A]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[8] "Reconsideration may also be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[9]

Murray offers no explanation for why he waited more than two years to notify the court of the alleged error in the September 2014 summary-judgment order. Murray does not explain why—in the nearly two months between that order and the order staying this case—he did not seek to correct it, or why he could not have moved to correct it during the stay. Murray represents that he could not move to reinstate the equal-protection claim until defendants' interlocutory appeal had concluded.[10] But this court was never divested of jurisdiction over Murray's equal-protection claim because the dismissal of that claim was not appealed to the Ninth Circuit.[11] Even if this court were divested of jurisdiction, it appears that the Ninth Circuit did not grant defendants permission to appeal (divesting this court of jurisdiction) until January 13, 2015—more than four months after I dismissed Murray's equal-protection claim.[12]

---

[8] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *see also* FED. R. CIV. PROC. 54(b).

[9] L.R. 59-1(a).

[10] ECF No. 95 at 2.

[11] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).

[12] *Santa Monica Baykeeper*, 254 F.3d at 886 (district court retains jurisdiction over an interlocutory order until a court of appeals grants a party permission to appeal).

I also find that Murray bears chief responsibility for any alleged error.[13] Murray's complaint is difficult to construe because it does not contain numbered causes of action. Further adding to the confusion surrounding Murray's request to withdraw only the "retaliation" portion of his equal-protection claim is the fact that—as Murray admits in his motion for reinstatement—there is no such thing as an equal-protection based retaliation claim because retaliation claims based on speech are grounded in the First Amendment.[14] Murray also appears to be operating under the misperception that he cannot prevail on a discrimination-based constructive-discharge claim without an accompanying stand-alone claim for discrimination.[15] Though these claims are typically asserted together, there is nothing about the dismissal of Murray's equal-protection claim that prevents him from prevailing on a claim for constructive discharge under a discrimination theory.

Finally, defendants would be prejudiced by the revival of Murray's equal-protection claim at this belated date. The claim was dismissed more than two and a half years ago, and this case has been pending for nearly seven years. Had Murray brought the alleged error to my attention earlier, I would have been inclined to reinstate the claim and consider defendants' summary-judgment arguments against it on their merits. But because Murray unreasonably delayed bringing the alleged error to my attention, the error is primarily attributable to his poor pleading, and defendants would be unfairly prejudiced by reinstatement at this belated date, I deny the motion for reinstatement. Murray's sole remaining claim is for constructive discharge.

---

[13] Murray is represented by counsel. Murray's first lawyer withdrew after summary-judgment briefing had concluded but before my ruling. ECF No. 72. Current counsel began representing Murray before the summary-judgment order dismissing Murray's equal-protection claim. ECF Nos. 73, 75.

[14] ECF No. 95 at 3 (collecting cases).

[15] In his reply, Murray states that if he can proceed with a stand-alone claim for constructive discharge "he is ready to proceed to trial with a non-discrimination claim that his hostile working environment led him into a constructive discharge." ECF No. 100 at 2.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Murray's motion to reinstate equal-protection claim **[ECF No. 95] is DENIED.**

Dated this March 14, 2017.

_____
Jennifer A. Dorsey
United States District Judge